THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Mary Meier Otto,<br>      Plaintiff,<br><br>vs.<br><br>Viscosity Oil Company, and Petronas Lubricants International,<br><br>      Defendants. | JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff, Mary Meier Otto, by and through her attorney, Lisa M. Stauff of the Law Offices of Lisa M. Stauff, complains of Defendants, Viscosity Oil Company and Petronas Lubricants International, as follows:

## NATURE OF THE CASE

1. This is a five-count action arising out of the unlawful employment actions of Defendants in violation of the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. §206(d), and Title VII of the Civil Rights Act of 1964, as amended.

2. Plaintiff, Mary Meier Otto, discovered during her employment with Defendants that she was paid significantly less than male colleagues with similar responsibilities, job functions, and authority. Defendants knew of this underpayment, and refused to compensate Ms. Otto equally. Further, Defendants made many disparaging comments directed towards Ms. Otto implicating her gender, pregnancy, and national origin in their decision-making. This action is intended to correct these wrongs.

3. Ms. Otto filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") to investigate and redress unlawful discriminatory actions by Defendants on the basis of sex, pregnancy, national origin, as well as retaliation for protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended. <u>Charge of Discrimination,</u> attached as Exhibit A.

4. On August 26, 2016, the EEOC issued a Notice of Right to Sue. <u>Notice of Right to Sue</u>, attached as Exhibit B.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §1331 because this Complaint raises a question of federal law.

6. Venue is proper because Defendants conduct business in Illinois, and Plaintiff worked at Defendants' location in Illinois.

## PLAINTIFF'S EMPLOYMENT WITH DEFENDANT

7. Mary Meier Otto began work for Viscosity Oil Company ("Viscosity") on July 29, 2013 as the Human Resources Manager of North America.

8. Viscosity Oil Company is located in Willowbrook, Illinois. It is a subsidiary of Petronas Lubricants International ("PLI"), a corporation owned by the government of Malaysia and based in Kuala Lumpur, Malaysia.

9. Ms. Otto is a woman.

10. Ms. Otto performed her job duties at Defendants' location in Willowbrook, Illinois.

11. Ms. Otto was constructively discharged on May 29, 2015.

## COUNT I: EQUAL PAY ACT OF 1963, 29 U.S.C. §206(d)

12. In January 2014, Defendants began an internal analysis of all of its job positions for the near exclusive purpose of evaluating all salaries and determining whether Defendants' employees

(which included employees at Viscosity and all other PLI subsidiaries) were receiving market-level compensation.

13. This analysis revealed that Ms. Otto was paid substantially less than male employees who had similar educations, similar job duties, similar responsibilities, and identical placement on Defendants' organizational chart as Ms. Otto.

14. Ms. Otto informed Defendants on numerous occasions that according to the market research analysis *paid for by Defendants* that she was paid less than comparable male colleagues.

15. Defendants promised Ms. Otto a raise to bring her salary in line with both market standards and with her male peers throughout Defendants' employ.

16. While Ms. Otto received a few small raises, her salary remained significantly less than her male peers and substantially less than market rate.

17. Around the same time, most of Ms. Otto's male peers received raises to increase their salaries to market levels, where it was found that Defendants underpaid these employees compared to industry standards.

18. Defendants refused to pay Ms. Otto a comparable salary in spite of knowing that Ms. Otto was paid significantly less than her male peers.

19. Ms. Otto was constructively discharged when Defendants refused to pay her a salary comparable to that of male employees with similar educations, similar job duties, similar responsibilities, and identical placement on Defendants' organizational chart as Ms. Otto.

20. After Ms. Otto's constructive discharge, Ms. Otto was replaced by a man who was paid significantly more than she was for the same job responsibilities.

21. Defendants, by the actions and/or omissions alleged, violated the Equal Pay Act of 1963, 29 U.S.C. §206(d).

22. As a result of Defendants' actions, Ms. Otto lost wages and benefits, suffered emotional distress and humiliation, and suffered other damages.

WHEREFORE, based upon the foregoing, Ms. Otto prays for:

    a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and Defendants to settle this case;

    b. An Order requiring Defendants to post notices concerning their duty to compensate its male and female employees equally for equal work;

    c. An Order enjoining Defendants from discriminating against employees on the basis of gender in the award of compensation;

    d. Reinstatement to her position or, in the alternative, pay for such a position for a reasonable time into the future;

    e. Backpay, employment benefits, and other compensation lost to her as a result of Defendants' violation of the Equal Pay Act;

    f. Prejudgment interest at the prevailing rate on the award of backpay, lost employment benefits, and other compensation lost to her as a result of Defendants' violation of the Equal Pay Act;

    g. Compensatory damages for the harm Ms. Otto suffered as a result of Defendants' violation of the Equal Pay Act;

    h. Reasonable attorneys' fees, expert witness fees, expenses, and the cost of this action and prior administrative actions; and

    i. Such other relief as this Court deems just and appropriate.

**COUNT II: Gender Discrimination in violation of Title VII of the Civil Rights Act of 1964**

23. Plaintiff reincorporates and realleges paragraphs 1 through 11 as stated herein.

24. At all times relevant to this complaint, Ms. Otto performed her job at or above her employer's reasonable expectations.

25. From the beginning of her employment as the Human Resources Manager for North America, Ms. Otto observed that female employees were treated less fairly than male employees.

26. Ms. Otto was paid significantly less than male employees occupying identical positions on the corporate organization chart as Ms. Otto.

27. An internal analysis of all of Defendant's job positions showed that female employees were paid less than male employees at the same level on the organizational chart, and when it came time to adjust salaries to bring them in line with industry standards, female employees received lower raises than male employees.

28. Ms. Otto did not receive a raise to bring her salary in line with market rates, yet all of the men at her level of the organization had their salaries increased.

29. Ms. Otto received a lower salary, decreased access to decision-makers, and suffered other damages because she is female.

30. After Ms. Otto's constructive discharge, Ms. Otto was replaced with a man who was paid significantly more than she was for the same job responsibilities.

31. Defendants committed discrimination on the basis of gender in violation of Title VII of the Civil Rights Act of 1964, as amended.

32. As a result of Defendants' actions, Ms. Otto lost wages and benefits, suffered emotional distress and humiliation, and suffered other damages.

WHEREFORE, based on the foregoing, Ms. Otto prays for:

    a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and Defendants to settle this case;

    b. An Order requiring Defendants to post notices concerning their duty to compensate its male and female employees equally for equal work;

    c. An Order enjoining Defendants from discriminating against employees on the basis of gender in the award of compensation and in the terms and conditions of employment;

    d. Reinstatement to her position or, in the alternative, pay for such a position for a reasonable time into the future;

    e. Backpay, employment benefits, and other compensation lost to her as a result of Defendants' violation of the Title VII of the Civil Rights Act of 1964;

    f. Prejudgment interest at the prevailing rate on the award of backpay, lost employment benefits, and other compensation lost to her as a result of Defendants' violation of Title VII of the Civil Rights Act of 1964, as amended;

    g. Compensatory damages for the harm Ms. Otto suffered as a result of Defendants' violation of Title VII of the Civil Rights Act of 1964;

    h. Punitive damages for Defendants' knowing and willful violation of Title VII of the Civil Rights Act of 1964, as amended;

    i. Reasonable attorneys' fees, expert witness fees, expenses, and the cost of this action and prior administrative actions; and

    j. Such other relief as this Court deems just and appropriate.

### COUNT III: Pregnancy Discrimination in violation of Title VII of the Civil Rights Act of 1964

33. Plaintiff reincorporates and realleges paragraphs 1 through 11 as stated herein.

34. Shortly after Ms. Otto began her employment with Defendants, Ms. Otto found out that she was pregnant with her first child.

35. As her pregnancy progressed, Ms. Otto was subjected to numerous negative remarks about her pregnancy by Defendant Petronas Lubricants International ("PLI") executives.

36. Eventually Ms. Otto was shut out of the email discussions and other decision-making processes related to performing her job duties, yet she was also required to have many of her decisions approved by her supervisor at PLI in Malaysia which was not the case before she was pregnant.

37. When Ms. Otto could not attend an important meeting in Malaysia due to her advanced pregnancy, she was not allowed to video-call into these meetings despite others, who were not pregnant, being allowed to do so.

38. After Ms. Otto gave birth to her son, her supervisor at PLI in Malaysia would no longer respond to her emails, and Ms. Otto had to have others contact him with questions so that she could do her job.

39. At all times relevant to this complaint, Ms. Otto performed her job duties at or above her employer's reasonable expectations.

40. Ms. Otto received less access to decision-makers, was hampered in performing her job duties, was subjected to negative remarks, and was paid less than non-pregnant employees, because she was pregnant.

41. Defendants' willful discrimination on the basis of pregnancy is a violation of Title VII of the Civil Rights Act of 1964, as amended.

42. As a result of Defendants' actions, Ms. Otto lost wages and benefits, suffered emotional distress and humiliation, and suffered other damages.

WHEREFORE, based on the foregoing, Ms. Otto prays for:

    a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and Defendants to settle this case;

    b. An Order enjoining Defendants from discriminating against employees on the basis of pregnancy in the award of compensation and in the terms and conditions of employment;

    c. Reinstatement to her position or, in the alternative, pay for such a position for a reasonable time into the future;

    d. Backpay, employment benefits, and other compensation lost to her as a result of Defendants' violation of the Title VII of the Civil Rights Act of 1964;

    e. Prejudgment interest at the prevailing rate on the award of backpay, lost employment benefits, and other compensation lost to her as a result of Defendants' violation of Title VII of the Civil Rights Act of 1964, as amended;

    f. Compensatory damages for the harm Ms. Otto suffered as a result of Defendants' violation of Title VII of the Civil Rights Act of 1964;

    g. Punitive damages for Defendants' knowing and willful violation of Title VII of the Civil Rights Act of 1964, as amended;

    h. Reasonable attorneys' fees, expert witness fees, expenses, and the cost of this action and prior administrative actions; and

    i. Such other relief as this Court deems just and appropriate.

### COUNT IV: National Origin Discrimination in violation of Title VII of the Civil Rights Act of 1964

43. Plaintiff reincorporates and realleges paragraphs 1 through 11 as stated herein.

44. Ms. Otto is an American citizen, and was born and raised in the United States.

45. Defendant Viscosity Oil Company ("Viscosity") is a subsidiary of Petronas Lubricants International ("PLI"), a Malaysian company.

46. PLI exhibits considerable control over Viscosity, and Viscosity managers report directly to PLI management in Malaysia.

47. Ms. Otto reported frequently to Shathrian Mohd Idrus, despite being a direct report to Bradley Nevin and Domenico Ciaglia of Viscosity.

48. Mr. Idrus told Ms. Otto on two separate occasions in the course of her employment, that he disliked Americans and American employees.

49. Mr. Idrus's behavior subsequent to this declaration was consistent with someone who, in part, did not like any of Ms. Otto's ideas because she was an American.

50. At all times relevant to this complaint, Ms. Otto performed her job duties at or above her employers' reasonable expectations.

51. Mr. Idrus was consistently dismissive of Ms. Otto personally and professionally because, in part, she was an American. This ultimately led, in part, to Ms. Otto's constructive discharge.

52. Defendants' discriminatory treatment of Ms. Otto on the basis of national origin is a violation of Title VII of the Civil Rights Act of 1964, as amended.

53. As a result of Defendants' actions, Ms. Otto lost wages and benefits, suffered emotional distress and humiliation, and suffered other damages.

WHEREFORE, based on the foregoing, Ms. Otto prays for:

    a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and Defendants to settle this case;

    b. An Order enjoining Defendants from discriminating against employees on the basis of national origin in the award of compensation and in the terms and conditions of employment;

    c. Reinstatement to her position or, in the alternative, pay for such a position for a reasonable time into the future;

    d. Backpay, employment benefits, and other compensation lost to her as a result of Defendants' violation of the Title VII of the Civil Rights Act of 1964;

    e. Prejudgment interest at the prevailing rate on the award of backpay, lost employment benefits, and other compensation lost to her as a result of Defendants' violation of Title VII of the Civil Rights Act of 1964, as amended;

    f. Compensatory damages for the harm Ms. Otto suffered as a result of Defendants' violation of Title VII of the Civil Rights Act of 1964;

    g. Punitive damages for Defendants' knowing and willful violation of Title VII of the Civil Rights Act of 1964, as amended;

    h. Reasonable attorneys' fees, expert witness fees, expenses, and the cost of this action and prior administrative actions; and

    i. Such other relief as this Court deems just and appropriate.

### COUNT V: Retaliation in violation of Title VII of the Civil Rights Act of 1964

54. Plaintiff reincorporates and realleges paragraphs 1 through 11 as stated herein.

55. From the moment Ms. Otto was hired, it was her job in part to bring Defendants in compliance with the civil rights and anti-discrimination employment laws of the United States.

56. Defendant PLI had many employment rules and practices that were illegal in the United States.

57. For example, PLI in Malaysia required female applicants to jobs to take pregnancy tests before their job applications would be considered. Ms. Otto had to inform Defendant PLI that that was illegal under the civil rights laws in the United States and had to be stricken from the employment rules governing PLI's American subsidiaries.

58. With regard to her own terms and conditions of employment, Ms. Otto became immediately aware that Defendants treated her differently because of her gender, her pregnancy, and her national origin. She wrote numerous emails to her supervisors in both Illinois and Malaysia protesting the discriminatory treatment by management. Ms. Otto informed her superiors on

many occasions that Defendants' refusal to pay her in accordance with her male peers violated American anti-discrimination laws.

59. The more Ms. Otto pushed for fairness in accordance with the law, the worse she was treated. Mr. Idrus held her in open contempt, and required her work product to be supervised in a way that no one else was supervised at her level.

60. At all times relevant to this complaint, Ms. Otto performed her job duties at or above her employers' reasonable expectations.

61. Defendants' constructively discharged Ms. Otto in part to punish her for asserting rights for herself and others under Title VII of the Civil Rights Act of 1964.

62. Defendants' actions violated the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, as amended.

63. As a result of Defendants' actions, Ms. Otto lost wages and benefits, suffered emotional distress and humiliation, and suffered other damages.

WHEREFORE, based on the foregoing, Ms. Otto prays for:

  a. A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and Defendants to settle this case;

  b. An Order enjoining Defendants from retaliating against employees for asserting rights protected by Title VII of the Civil Rights Act of 1964;

  c. Reinstatement to her position or, in the alternative, pay for such a position for a reasonable time into the future;

  d. Backpay, employment benefits, and other compensation lost to her as a result of Defendants' violation of the Title VII of the Civil Rights Act of 1964;

e. Prejudgment interest at the prevailing rate on the award of backpay, lost employment benefits, and other compensation lost to her as a result of Defendants' violation of Title VII of the Civil Rights Act of 1964, as amended;

f. Compensatory damages for the harm Ms. Otto suffered as a result of Defendants' violation of Title VII of the Civil Rights Act of 1964;

g. Punitive damages for Defendants' knowing and willful violation of Title VII of the Civil Rights Act of 1964, as amended;

h. Reasonable attorneys' fees, expert witness fees, expenses, and the cost of this action and prior administrative actions; and

i. Such other relief as this Court deems just and appropriate.

Respectfully submitted,<br>
Plaintiff,<br>
Mary Meier Otto,

By:_____
Attorney for Plaintiff

Lisa M. Stauff
Law Offices of Lisa M. Stauff
53 W. Jackson Blvd., Suite 624
Chicago, Illinois 60604
(312) 212-1036