09565A-16001/JBC/JFS/ANL

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY MEIER OTTO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16-cv-09649 |
| | ) | |
| v. | ) | Judge Samuel Der-Yeghiayan |
| | ) | |
| VISCOSITY OIL COMPANY, and | ) | Magistrate Judge Young B. Kim |
| PETRONAS LUBRICANTS | ) | |
| INTERNATIONAL, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT INITIAL STATUS REPORT**

Plaintiff, Mary Meier Otto, by her attorneys, the Law offices of Lisa M. Stauff, and

Defendant, Viscosity Oil Company, by its attorneys, Johnson & Bell, for their Joint Initial Status

Report, states:

1) **Nature of claims and counterclaims**

   a. Attorneys of record including lead trial attorneys:

   Plaintiff

   > Lisa M. Stauff
   > Law Offices of Lisa M. Stauff
   > 53 W. Jackson Blvd., Suite 624
   > Chicago, Illinois 60604
   > (312) 212-1036

   Defendant Viscosity Oil Company

   > Joseph F. Spitzzeri – lead attorney
   > Amber N. Lukowicz
   > Johnson & Bell
   > 33 W Monroe St #2700
   > Chicago, IL 60603

(312) 984-6683

b. Nature of Plaintiff's Claims

    Count I.  Plaintiff's Claim was brought pursuant to the Equal Pay Act of 1963, 29 U.S.C. §206(d)

    Count II.  Plaintiff's Gender Discrimination Claim was brought pursuant to Title VII of the Civil Rights Act of 1964

    Count III.  Plaintiff's Claim for Pregnancy Discrimination was brought pursuant to Title VII of the Civil Rights Act of 1964

    Count IV.  Plaintiff's Claim for National Origin Discrimination was brought pursuant to violation of Title VII of the Civil Rights Act of 1964

    Count V.  Plaintiff's Claim for Retaliation was brought pursuant to Title VII of the Civil Rights Act of 1964.

c. Nature of counterclaims

Defendant Viscosity Oil Company has not yet answered the Plaintiff's Complaint. Defendant Viscosity Oil Company filed a Motion to Dismiss (Doc. No. 13) all of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) on February 13, 2017.

**2)**    <u>**Relief sought by plaintiff**</u>

    Plaintiff is seeking money damages including back pay, employment benefits, pay consistent with the position she had at Defendant employer, prejudgment interest, compensatory damages, punitive damages, attorney's fees, court expenses and other compensation lost to her. Further, Plaintiff seeks a settlement conference under Federal Rule of civil Procedure 16, an order enjoining the Defendants from discriminating on the basis of national origin, and reinstatement of her position.

**3)**    <u>**Names of parties not served**</u>

    Service on Defendant Petronas Lubricants International ("PLI") is disputed. Plaintiff asserts service on Defendant Viscosity Oil Company constituted service on Defendant PLI, as Defendant Viscosity is an involuntary agent for the purposes of service on PLI. Defendant Viscosity disputes it is an agent for the purpose of service as asserted by Plaintiff. *See* Rule 7.1 Statement of Viscosity (Doc. No. 11), filed February 13, 2017.

**4)**    <u>**Principal legal issues**</u>

    The principal legal issues in this case will involve analysis of the Plaintiff's claims of discrimination and retaliation under the Equal Pay Act and Title VII.

5) **Principal factual issues**

      The principles factual issues in the case involve whether the actions by the Defendants constituted violations of the Equal Pay Act and Title VII and whether the Plaintiff brought her claims within the mandatory times under both statutes.

6) **List of pending motions and brief summary of bases for motions**

      Defendant Viscosity Oil Company has a pending Motion to Dismiss Plaintiff's Complaint before the court. The Motion to Dismiss is based on Plaintiff's failure to adequately allege each claim, failure to delineate her claims as to each Defendant, failure to bring claims for the alleged discriminatory acts within the time period prescribed by Federal and Illinois law.

      Plaintiff will be filing a Motion to Compel Defendant Petronas Lubricants International to Accept Service of Process, on February 17, 2017.

7) **Description of discovery requested and exchanged**

      None.

8) **Type of discovery needed**

      The parties need to issue written discovery requests. The parties will then need to issue subpoenas and take the depositions of Plaintiff, any subsequent employers, and various employees of Defendant Viscosity yet to be determined. Defendants would like to depose all of the treating physicians who have cared for the emotional distress injuries Plaintiff claims to have suffered, as well as any other physicians who may have treated her for relevant, pre-existing conditions.

9) **Proposed Agreed Dates for:**

    a.  Rule 26(a)(1) disclosures should be completed on or before April 10, 2017.

    b.  Written discovery should be completed on or before August 31, 2017.

    c.  Fact discovery, including the depositions, should be completed on or before September 15, 2018.

    d.  Expert discovery is not contemplated ay this time with the exception of discover from treating physicians, should expert discovery be needed the parties propose that the following schedule apply to expert discovery:

     i.   Plaintiff to identify experts and produce reports by October 15, 2017.

    ii.   Plaintiff's experts to be deposed on or before November 15, 2017.

   iii.   Defendant to identify experts and produce reports by December 10, 2017.

   iv.   Defendant's experts to be deposed on or before January 15, 2018.

e.   Dispositive motions shall be filed on or before February 19, 2018.

f.   The parties propose that a final pretrial order be filed on or before April 24, 2018.

**10)**     <u>**Estimation of when the case will be ready for trial**</u>

It is estimated that this case will be ready for trial at the time the final pretrial order is filed, in early to mid 2018.

**11)**     <u>**Probable length of trial**</u>

Depending on the number of employees testifying, it is tentatively estimated that the trial of this matter will take no more than five to seven days.

**12)**     <u>**Whether a request has been made for a jury trial**</u>

A jury trial has been demanded.

**13)**     <u>**Whether there have been settlement discussions and if so the outcome of those discussions**</u>

There have not been settlement discussions since the filing of this matter. The parties do not yet request a settlement conference before the Magistrate judge until they proceed somewhat deeper into the Discovery process.

**14)**     <u>**Whether the parties consent to proceed before a Magistrate Judge**</u>

At this time, the parties consent to proceed before the Magistrate for purposes of any Discovery disputes and for potential settlement conference.

Respectfully submitted,

JOHNSON & BELL, LTD.,                    LAW OFFICES OF LISA M. STAUFF


By:    s/Amber N. Lukowicz          By:    s/Lisa M. Stauff
       Amber N. Lukowicz, one of the        Lisa M. Stauff,
       Attorneys for Defendant               Attorney for Plaintiff
       Viscosity Oil Company

       Joseph F. Spitzzeri-ARDC#6184520      Lisa M. Stauff
       Amber N. Lukowicz-ARDC#6324266        Law Offices of Lisa M. Stauff
       Johnson & Bell, Ltd.                  53 W. Jackson Blvd., Suite 624
       33 West Monroe Street, Suite 2700     Chicago, Illinois 60604
       Chicago, Illinois, 60603-5404         Phone: (312) 212-1036
       Phone: (312) 372-0770                 Email: lstauff@staufflaw.com
       Email: spitzzerij@jbltd.com
       Email: lukowicza@jbltd.com